UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**HAROLD MICHAEL MILAM**                                                                                    **PLAINTIFFS**

**v.**                                                                        **CIVIL ACTION NO. 1:22-CV-P8-GNS**

**HACK MARCUM** *et al.*                                                                                   **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff was formerly incarcerated as a pretrial detainee at the Taylor County Detention Center (TCDC). Plaintiff sues TCDC Jailer Hack Marcum and TCDC Officers Mary Cox and Captain Wise in both their both their official and individual capacities. He sues Governor Andy Beshear and President Biden in their official capacities only. He also sues "Any Unknown Actors/Actresses."

### II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure

to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Jail Trust Account Statement**

Plaintiff first alleges that Defendant Cox would not provide him with a copy of his "jail account." Because the Court can discern no constitutional claim based upon this allegation, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### B. Docket Sheets

Plaintiff next alleges that TCDC jail officials retaliated against him for filing lawsuits against them by removing "docket sheets" from his legal mail on one occasion.

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Although filing a civil rights lawsuit constitutes protected conduct, *see Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002), the Court finds that Plaintiff's allegations fail to satisfy the second prong of the retaliation standard because the removal of "docket sheets" from one's mail on one occasion would not deter an ordinary person from filing a civil rights lawsuit.[1] Thus, the Court will dismiss this retaliation claim for failure to state a claim upon which relief may be granted.

Plaintiff also claims that this "interference" with his legal mail on one occasion violated his constitutional rights. This allegation, however, does not rise to the level of a constitutional violation. *See, e.g.*, *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) ("While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'") (citation omitted); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("[A] random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding that even though defendants "admitted to

---

[1] The Court additionally notes that Plaintiff's filing of the instant action shows that he personally was not deterred from filing lawsuits by the alleged adverse action.

opening one piece of [plaintiff's] constitutionally protected legal mail by accident[,][s]uch an isolated incident, without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation."); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 U.S. Dist. LEXIS 1037, at *16 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation."); *Lloyd v. Herrington*, No. 4:11CV-P128-M, 2011 U.S. Dist. LEXIS 138728, at *5 (W.D. Ky. Dec. 2, 2011) ("Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail - one of the outgoing motion and one of his incoming piece of legal mail - the Court still finds that the two incidences taken together do not rise to a constitutional violation."). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### C. Placement in the Hole

Plaintiff next alleges that "to the best of [his] memory," Defendant Wise placed him in the "hole" because Plaintiff claimed that money had been illegally taken from his inmate account at TCDC and because he "threatened to sue" over this allegation.

Here, even if this claim satisfies the first and second prongs of a retaliation claim, it fails to satisfy the third prong. "[R]etaliation 'rarely can be supported with direct evidence of intent.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). A plaintiff may rely on circumstantial evidence, but must still provide "specific, nonconclusory allegations" linking his conduct to a defendant's retaliatory act. *Spencer v. City of Catlettsburg*, 506 F. App'x 392, 396 (6th Cir. 2012). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts'" will not suffice. *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v.*

*Unknown Evert*, 84 F. App'x 553, 556 (6th Cir.2003) (requiring "concrete and relevant particulars").

A plaintiff may allege a chronology of events from which a defendant's retaliatory animus could reasonably be inferred. *Manning v. Bolden*, 25 F. App'x 269, 272 (6th Cir. 2001) (citations omitted). However, courts are "reluctant to find retaliatory motive from temporal proximity alone when that proximity is not 'extremely close.'" *Briggs v. Westcomb*, 801 F. App'x 956, 960-61 (6th Cir. 2020) (citing *Holzemer v. City of Memphis*, 621 F.3d 512, 526 (6th Cir. 2010)). Other evidence courts examine to determine causation include statements by defendants or the disparate treatment of other prisoners. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010); *see also Patterson v. Godward*, 370 F. App'x 608, 610 (6th Cir. 2010).

Here, the complaint does not contain allegations of temporal proximity or disparate treatment regarding this retaliation claim. Plaintiff has only provided conclusory allegations of retaliatory motive, and has not provided any evidence - direct or circumstantial - in support. "By 'merely alleg[ing] the ultimate fact of retaliation,' Plaintiff's argument for causation, and thus for actionable retaliation, fails." *Flournoy v. Hemingway*, No. 20-13130, 2021 U.S. Dist. LEXIS 93709, at *22 (E.D. Mich. May 18, 2021) (quoting *Murray*, 84 F. App'x at 556).

For these reasons, the Court concludes that this retaliation claim must also be dismissed for failure to state a claim upon which relief may be granted.

### D. Threats

Plaintiff alleges that since he filed a previous lawsuit against TCDC officials in this Court, he "has had his life threatened and has been threatened to be raped by other inmates." Plaintiff also alleges that he has "overheard" that guards "will beat people up with cho-mo sex charges" and will place a specific inmate in their cells "just so he can do this." Plaintiff, however, does not

specify which Defendant, if any, is personally involved in the acts about which he complains. *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted).

Moreover, to the extent that Plaintiff seeks to hold Defendant Marcum liable for these alleged actions based upon his supervisory role as the TCDC Jailer, his claim fails. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, the Court finds that this claim also fails to state a claim upon which relief may be granted.

### E. Conditions of Confinement

Plaintiff also generally alleges that that there are "bugs" and cockroaches in the food served at TCDC. Isolated instances of insects in inmate meals, however, do not give rise to a constitutional claim. *Hamm v. Dekalb Cty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects . . . does not amount to a constitutional deprivation."); *Russell v. City of Philadelphia*, No. 08-cv-5442, 2010 U.S. Dist. LEXIS 50456 (E.D. Penn. May 19, 2010) ("Regrettably, even the cleanest of kitchens may attract bugs, and when cooking for large groups of people it is possible that bugs may enter the food undetected."); *Lunsford v. Reynolds*, 376 F. Supp. 526, 527 (W.D. Va. 1974) ("The only contention concerning food which is detailed at all, is the inmates' complaint that their food frequently contains insects. Nevertheless, occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion."). Thus, this claim must also be dismissed for failure to state a claim upon which relief may be granted.

### F. Other Inmates' Conditions of Confinement

Plaintiff next alleges that another inmate was placed in the "hole" and not allowed to shower for seventeen days. Plaintiff states that this inmate was placed in a cell where carbon monoxide is present due to a "falty heating system." Plaintiff also alleges that the cell had "human shit smeared on the wall, no running water for days, no mop bucket, had his mat and papers taken." Plaintiff additionally alleges that he witnessed another inmate "go to the hole" after that inmate attempted to report corruption.

Plaintiff can only represent himself in this action. *See* 28 U.S.C. § 1654. Under § 1654, "[a] nonlawyer can't handle a case on behalf of anyone except himself." *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013); *see also Zanecki v. Health Alliance Plan of*

7

*Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (holding that because "*pro se*" means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (holding that § 1654 "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake"); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (stating that "[t]he federal courts have consistently rejected attempts at third-party lay representation" and that "[b]y law an individual may appear in federal courts only *pro se* or through legal counsel") (citing § 1654).

Thus, any claims that Plaintiff is attempting to bring on behalf of another inmate must be dismissed.

### G. Remaining Claims and Defendants

Finally, Plaintiff alleges that he was illegally arrested in 2018 in Russell County in retaliation to "fraud the American people out of a free and fair election as he announced he would be running for Jailer of Russell County and was arrested shortly thereafter and was indicted the next day on bogas sex charges." Because Plaintiff's claims pertaining to his arrest in 2018 in Russell County do not involve any of the Defendants in this case, the Court will dismiss them for failure to state a claim upon which relief may be granted.

As to Defendants Biden and Beshear, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the

acts about which he complains. Because the complaint contains no allegation of any personal involvement in the alleged events on the part of Defendant Biden or Beshear, it fails to state a claim against them upon which relief may be granted.

### IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: August 4, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Taylor County Attorney
4416.011